UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  19-21396-RAM

IN RE:
ALIN ULLOA
    Debtor

_____/

TRUSTEE'S OBJECTION TO CLAIM ON NEGATIVE NOTICE
TO CLAIM # 5.2 FILED BY TD RETAIL CARD SERVICES

IMPORTANT NOTICE TO CREDITORS

**This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

**If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned  Trustee, Nancy K Neidich, Esquire,  P.O. Box 279806, Miramar, Florida 33027.  OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

**If your entire claim is objected to and this is a chapter 11 case, you will not have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**

**The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.**

Pursuant to Bankruptcy Rule 3007, the Trustee objects to the  following claims(s) filed in

this case::

| Claim # | Name of Claimant |
|---|---|
| 5.2 | TD RETAIL CARD SERVICES. |

Recommended Disposition Strike and Disallow: On October 4, 2019, TD Retail Card Services filed Claim #5 stating that it held a secured claim in the amount of $568.00 and an unsecured claim in the amount of $568.97.  The plan failed to address the secured claim of TD Retail Card Services.

On June 8, 2020, TD Retail Card Services amended its claim to be fully unsecured in the amount of $1,136.97.

Since the claims bar date is like a statute of limitations, it must be strictly observed.  Although amendments are liberally granted, they are not automatic. Many courts treat a late  amended claim as an amendment under F.R.B.P 7015 (Rule 15).  Some courts created requirements for the creditor to establish that the claim should be allowed.  *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1215 (11th Cir. 1985).

The intended effect of a late amended unsecured claim is to alter the pro rata distribution  of payments to that creditor and consequently every other unsecured creditor.  Yet, there is no operation of law that requires an automatic change in the distribution under the plan due to a late amended claim.  But the Bankruptcy Code provides for this situation.  Section 11 U.S.C. §1329(a)(3), states that an unsecured creditor may move to modify the plan to alter the amount of distribution to an unsecured creditor.

.

RESPECTFULLY SUBMITTED:
NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL 33027-9806

By: /s/_____
Nancy K. Neidich, Esq.
Chapter 13 Trustee
Amy E. Carrington, Esq.
*Senior Staff Attorney*
FLORIDA BAR NO: 101877

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection to Claim  # 5.2 was served through NEF on debtor's attorney and by US First Class Mail to the following on OCTOBER  22, 2020_____ :

TD RETAIL CARD SERVICES
c/o Creditors Bankruptcy Services
P.O. Box 800849
Dallas, TX 75380

TD Retail Card Services
P.O. Box 100114
Columbia, SC  29202-3314

by certified mail to

Gregory B Braca, CEO
TD Retail Card Services
wholly owned by TD Bank, NA
2035 Limestone Road
Wilmington, DE 19808

7017 2620 0000 2780 1025

/s/_____
Amy N Carrington, Esq